UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN DAMION CRICHLOW,<br><br>                              Plaintiff,<br><br>          -against-<br><br>COMMISSIONER ANTHONY J. ANNUCCI, et al.,<br><br>                              Defendants. | **ORDER**<br><br>18-CV-3222 (PMH) |

PHILIP M. HALPERN, United States District Judge:

Plaintiff, currently incarcerated at Five Points Correctional facility, commenced this *pro se* action on April 12, 2018, asserting that, *inter alia*, Defendants violated his federally protected rights. By order dated August 16, 2018, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").[1] (Doc. 2). On December 27, 2018, Plaintiff, pursuant to an Order permitting an amendment, filed an Amended Complaint. (Doc. 17, "Amended Complaint"). On January 18, 2019, Plaintiff filed a motion for a preliminary injunction, which the Court at that time construed as a supplement to the Amended Complaint. (Doc. 18).[2]

On February 5, 2019, Judge Karas issued an Order of Service which, *inter alia*, dismissed certain Defendants and ordered service on the remaining Defendants named in the Amended Complaint. (Doc. 20). On April 25, 2019, Defendants filed a pre-motion letter seeking revocation of Plaintiff's IFP status and for a stay of their time to respond to the Amended Complaint until 30 days after a decision is rendered on their request to revoke IFP status. (Doc. 41). The Court

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Despite the filing of the Amended Complaint and later, leave to file the Second Amended Complaint, Plaintiff apparently pressed the motion for a preliminary injunction (Doc. 18) in May and July, 2019. (Docs. 44, 46, 55). Defendants were directed to respond, and did respond thereto, on August 2, 2019. (Doc. 58).

subsequently granted Defendants' request for a stay (Doc. 43); and ordered Plaintiff to respond to the request to revoke IFP status and to file a Second Amended Complaint. (Docs. 42, 47). On July 19 and 22, 2019, Plaintiff responded to Defendants' request to revoke IFP status (Docs. 55 and 57), and on August 23, 2019, Plaintiff filed a Second Amended Complaint. (Doc. 60, "Second Amended Complaint"). On January 17, 2020, Plaintiff requested that the Court extend the time for him to effectuate service of the Second Amended Complaint. (Doc. 70). On April 16, 2020, this case was reassigned to me.

The Court denies Defendants' request to revoke Plaintiff's IFP status. The Court extends Plaintiff's time to serve the Second Amended Complaint *nunc pro tunc* and directs service on the newly identified Defendants. The Court also directs the newly identified Defendants to comply with Local Civil Rule 33.2 within 120 days of service of the Second Amended Complaint, and the previously served Defendants to comply within 120 days of the date of this Order. The Court further directs the Attorney General of the State of New York to provide to Plaintiff and the Court the identity, service address, and if appropriate, the badge number of the unidentified Defendants. The Court denies Plaintiff's motion for a preliminary injunction without prejudice to Plaintiff's applying again for such relief at a later date.

## ANALYSIS

I.   IFP Status

Defendants argue that Plaintiff's IFP status should be revoked pursuant to the "three strikes" provision of the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915(g), which bars inmates from receiving IFP status. At first glance, Plaintiff appears to have three "strikes," which under § 1915(g), would normally bar him from proceeding IFP as a prisoner. *See Crichlow v. Butchen*, No. 09-CV-4398 (E.D.N.Y. Nov. 20, 2009) (case dismissed) ("*Crichlow I*"); *Crichlow*

*v. Crichlow*, No. 12-CV-8932 (S.D.N.Y. Feb. 21, 2013) (case dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Crichlow v. Fischer*, No. 12-CV-1454 (2d Cir. Aug. 15, 2012) (appeal dismissed as frivolous). A review of the docket in *Crichlow I*, however, reveals that it was dismissed in part for failure to state a claim, and later dismissed for failure to prosecute with respect to Plaintiff's failure to submit an amended complaint within the time allowed.

A partial dismissal of a case based on § 1915(g) grounds does not constitute a strike in this District. *See Morehouse v. Vasques*, No. 17-CV-4836, 2018 WL 4211320, at *4 (S.D.N.Y. Sept. 4, 2018) (holding that partial dismissal does not constitute a strike); *McNair v. Kelly*, No. 13-CV-728, 2013 WL 4574247, at *2 (S.D.N.Y. Aug. 26, 2013) (same); *Tafari v. Hues*, 539 F. Supp. 2d 694, 702 (S.D.N.Y. 2008) (same). Moreover, dismissals based on a plaintiff's failure to prosecute are not considered strikes. *See Toliver v. Perri*, No. 10-CV-3165, 2011 WL 43461, at *1-2 (S.D.N.Y. Jan. 6, 2011) (characterizing the failure to amend a complaint within a specified time period as the failure to prosecute and declining to treat it as a strike); *Harry v. Doe*, No. 09-CV-2342, 2009 WL 2152531 (E.D.N.Y. Jul. 17, 2009). Likewise, dismissals based upon mixed reasoning only some of which can be categorized under 28 U.S.C. § 1915(g) are not strikes under the PLRA. *See Escalera v. Samaritan Vill.*, 938 F.3d 380, 382 (2d Cir. 2019).

Accordingly, the Court denies Defendants' request to revoke Plaintiff's IFP status.

II.    <u>Extension of Time to Serve and Service on the Identified Defendants</u>

Plaintiff's Second Amended Complaint names twelve newly identified Defendants, ten of whom this Court orders service upon, and two of whom this Court dismisses for Plaintiff's failure to plead any allegations against them; sixteen Defendants who were previously served and have appeared in this action; two Defendants who were previously dismissed, the claims against whom are dismissed again herein; and two newly unidentified Defendants.

3

With respect to the twelve newly identified Defendants, Plaintiff has not set forth any allegations against two of them, Ms. Rachel Herzog or C.O. S. William. Plaintiff has failed to allege facts showing that there is (1) a right to relief against those Defendants jointly or severally with the Defendants served and to be served, or that arises out of the same transactions or occurrences as those that involve such Defendants, and (2) a question of law or fact common to both. *See* Fed. R. Civ. P. 20(a)(2). Plaintiffs allegations about these two Defendants lack the detail necessary to show proper joinder, *see id.,* or to comply with the Fed. R. Civ. P. 8 pleading requirement that a complaint "contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,'" *Salahuddin v. Cuomo,* 861 F.2d 40, 41-42 (2d Cir. 1988) (quoting Fed. R. Civ. P. 8(a)(2)); *see id.* at 42 (holding that a complaint's statement of claim "should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage") (quotations and alterations omitted). The Court thus dismisses Plaintiff's claims against Ms. Rachel Herzog and C.O. S. William.

With respect to the remaining ten newly identified Defendants,[3] because Plaintiff has been granted permission to proceed IFP and such permission has not been revoked, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal

---

[3] These ten new identified Defendants are: Dr. Korobkova, Dr. R. Skseveland, Dr. Wolf, Sgt. Fuller, Sgt. R. Askew, C.O. Moshier, C.O. Buchanan, C.O. K. Layton, RN Darbee, and Dr. Guzman. With respect to RN Darbee and Dr. Guzman, although previously dismissed, Plaintiff has made an attempt to cure the deficiencies of his earlier pleading by setting forth allegations in the Second Amended Complaint against them.

Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff's IFP status was at issue at the time of the filing of the Second Amended Complaint, which has now been resolved. Plaintiff is proceeding IFP and could not have served summonses and the second amended complaint on the newly identified Defendants until the Court reviewed the pleading and ordered that summonses be issued for those Defendants. The Court therefore extends the time to serve the ten newly identified Defendants until 90 days after the date that summonses for those Defendants are issued. If the Second Amended Complaint is not served on the newly identified Defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on the ten newly identified Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of those Defendants. The Clerk of Court is further instructed to issue summonses for the newly identified Defendants and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on those Defendants.

With respect to the two Defendants who were previously dismissed and named again in the Second Amended Complaint, Plaintiff failed to correct the deficiencies resulting in their dismissal.

5

For the same reasons cited by Judge Karas dismissing these Defendants (Doc. 20), the claims against Defendants Edward Puerschner and Captain Maxwell are dismissed.

With respect to the sixteen Defendants who were previously served and appeared in this action, as ordered by Judge Karas (Doc. 43), their response to the Second Amended Complaint is due within 30 days of the date of this Order.

### III.   Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the Second Amended Complaint, the ten newly identified Defendants must serve responses to those standard discovery requests. In their responses, the identified Defendants must quote each request verbatim.[4]

To the extent the sixteen previously served Defendants have not already done so, those Defendants must serve responses to the standard discovery requests within 120 days of the date of this Order.

### IV.   Unidentified Defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying an unidentified defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the Second Amended Complaint, Plaintiff supplies sufficient information to permit DOCCS to identify the unidentified defendants. One unidentified defendant, Nurse(L) is referred to as "Nurse Laperina"; the other,

---

[4] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Court's Pro Se Intake Unit.

Nurse II Jane Doe is referred to as "Nurse II S. Provx", both alleged to have "cut off" Plaintiff's medications and "control-a-diet" on or about January 27, 2015. (Second Amended Complaint at 27).

It is therefore ordered that the Attorney General of the State of New York, who is the attorney for and agent of DOCCS, ascertain the identity of the unidentified defendants whom Plaintiff seeks to sue here, as well as the address where he or she may be served, and if appropriate, his or her badge number. The Attorney General must provide this information to Plaintiff and the Court within 60 days of the date of this Order.

Because of the large number of Defendants in this action, the Court finds it appropriate, rather than direct the filing of a third amended complaint, to simply substitute *nunc pro tunc* the names of the unidentified Defendants (identified currently as Nurse(L) and Nurse II Jane Doe) with their real identity if and when so identified. If necessary, the Court will then issue an order directing service on the newly identified Defendants and direct them to comply with Local Civil Rule 33.2.

V.     Motion for Preliminary Injunction

Plaintiff seeks a "preliminary injunction" seeking to be removed from the Special Housing Unit at Five Points and transferred to Sing Sing Correctional Facility, presumably due to the conditions of his confinement, and specifically requesting accommodations regarding a special diet and his alleged hearing disability. (Docs. 44, 46). Defendants counter that Plaintiff has been treated by outside specialists as well as the facility's medical staff, has received hearing aides as well as a hearing impaired sign, shake awake alarm, and headphones, and continues to receive appropriate care. (Doc. 58).

7

To obtain the relief Plaintiff seeks in his motion for a preliminary injunction, he must allege sufficient facts to show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See, e.g.*, *UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011); *Patrick v. Local 51, Am. Postal Workers Union, AFL-CIO*, No. 19-CV-10715, 2020 WL 703392, at *2 (S.D.N.Y. Feb. 11, 2020). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

At this initial stage of litigation, Plaintiff's allegations are insufficient to show a likelihood of success on the merits of his claims, or sufficiently serious questions going to the merits of his claims and a balance of hardships tipping in his favor. The Court therefore denies Plaintiff's preliminary injunction application without prejudice to Plaintiff's applying again for such relief at a later date.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court denies Defendants' application to revoke Plaintiff's IFP status.

The Court denies Plaintiff's application for a preliminary injunction without prejudice to Plaintiff's applying again for such relief at a later date.

The Court further directs the Clerk of Court to issue summonses for Defendants Dr. Korobkova, Dr. R. Skseveland, Dr. Wolf, Sgt. Fuller, Sgt. R. Askew, C.O. Moshier, C.O.

Buchanan, C.O. K. Layton, RN Darbee, and Dr. Guzman; complete USM-285 forms with the service addresses for those defendants; and deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

The Court directs Defendants Dr. Korobkova, Dr. R. Skseveland, Dr. Wolf, Sgt. Fuller, Sgt. R. Askew, C.O. Moshier, C.O. Buchanan, C.O. K. Layton, RN Darbee, and Dr. Guzman to comply with Local Civil Rule 33.2 within 120 days of service of the Second Amended Complaint.

The Court directs Defendants Annucci, Arliss, Makowsky, McCoy, Sipple, Cole, Keyser, Burnett, Holloran, M. Puerschner, Deputy William, Deputy Karson, Lt Jordan, Gilmour, Holer, and Kohler to respond to the Second Amended Complaint within 30 days of the date of this Order and to comply with Local Civil Rule 33.2 within 120 days of the date of this Order.

The Court additionally directs the Clerk of Court to mail a copy of this order and the Second Amended Complaint to the Attorney General of the State of New York at 28 Liberty Street, 15th Floor, New York, New York 10005.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED:**

Dated:   New York, New York
       June 11, 2020

_____
PHILIP M. HALPERN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Dr. Korobkova
   Sullivan Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, New York 12733-0116

2. Dr. R. Skseveland
   Sullivan Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, New York 12733-0116

3. Dr. Wolf
   Sullivan Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, New York 12733-0116

4. Sgt. Fuller
   Sullivan Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, New York 12733-0116

5. Sgt. R. Askew
   Sullivan Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, New York 12733-0116

6. C.O. Moshier
   Sullivan Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, New York 12733-0116

7. C.O. Buchanan
   Sullivan Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, New York 12733-0116

8. C.O. K. Layton
   Sullivan Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, New York 12733-0116

9. RN Darbee
   Sullivan Correctional Facility
   325 Riverside Drive
   P.O. Box 116
   Fallsburg, New York 12733-0116

10. Dr. Guzman
    Sullivan Correctional Facility
    325 Riverside Drive
    P.O. Box 116
    Fallsburg, New York 12733-0116