UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN DAMION CRICHLOW,

               Plaintiff,

-against-

COMMISSIONER ANTHONY J. ANNUCCI, *et al.*,

               Defendants.

**ORDER**

18-CV-03222 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Plaintiff, currently incarcerated at Auburn Correctional Facility, commenced this *pro se* action on April 12, 2018, asserting that, *inter alia*, Defendants violated his federally protected rights. (Doc. 1). By order dated August 16, 2018, the Court granted Plaintiff's request to proceed *in forma pauperis*. (Doc. 9). On August 23, 2019, Plaintiff filed a Second Amended Complaint (Doc. 60), and on January 17, 2020 Plaintiff sought an extension of time within which to serve the Second Amended Complaint (Doc. 70). On June 11, 2020, the Court issued an Order which, *inter alia*, extended Plaintiff's time to serve the Second Amended Complaint *nunc pro tunc*, directed service on newly identified Defendants, and directed the New York State Office of the Attorney General ("NYSOAG") to identify those individuals referred to in the Second Amended Complaint as "Nurse(L)" and "Nurse Jane Doe." (Doc. 71 at 7). The Court advised that it would "simply substitute *nunc pro tunc* the names of the unidentified Defendants . . . with their real identit[ies] if and when so identified." (*Id.*) By letters dated August 7, 2020 and September 10, 2020, the NYSOAG identified "Nurse(L)" and "Nurse II Jane Doe" as Lisa LaPenna and Sandra Provx, respectively. (Doc. 84; Doc. 91).

      The Clerk of the Court is respectfully instructed to terminate "Nurse(L)" and "Nurse II Jane Doe" as Defendants and to add Lisa LaPenna and Sandra Provx to the caption and the docket.

To allow Plaintiff to effect service on these Defendants through the U.S. Marshals Service, the Clerk of Court is respectfully instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for both Ms. LaPenna and Ms. Provx. The service addresses for these individuals are as follows: **(1)** Nurse Lisa LaPenna, Wende Correctional Facility, 3040 Wende Road, Alden, New York 14004; and **(2)** Sandra Provx, New York State Department of Corrections and Community Supervision's Counsel's Office, 1220 Washington Avenue, Building 9, Albany, New York 12226.

The Clerk of Court is instructed further to issue a summons for each Defendant and deliver to the U.S. Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon these Defendants.

It is Plaintiff's responsibility to ensure that service is made within 90 days of the date the summons is issued and, if necessary, to request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

Additionally, the Court notes that Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the Second Amended Complaint, Ms. LaPenna and

Ms. Provx must serve responses to those standard discovery requests. In their responses, Ms. LaPenna and Ms. Provx must quote each request verbatim.[1]

## CONCLUSION

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff, together with an information package. The Court further directs the Clerk of Court to issue summonses for Defendants Lisa LaPenna and Sandra Provx, complete the USM-285 forms with the service addresses for those Defendants, and deliver all documents necessary to effect service on those Defendants to the U.S. Marshals Service.

The Court directs Ms. LaPenna and Ms. Provx to comply with Local Civil Rule 33.2 within 120 days of service of the Second Amended Complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED:**

Dated:   New York, New York
         September 11, 2020

_____
PHILIP M. HALPERN
United States District Judge

---

[1] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, he may request them from the Court's Pro Se Intake Unit.