UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN DAMION CRICHLOW,

               Plaintiff,

-against-

COMMISSIONER ANTHONY J. ANNUCCI, et al.,

               Defendants.

**ORDER**

18-CV-03222 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Plaintiff, currently incarcerated at Auburn Correctional Facility, proceeding *pro se* and *in forma pauperis*, alleges that Defendants violated his federally protected rights. (*See* Doc. 60). On June 11, 2020, this Court issued an Order which, *inter alia*, extended Plaintiff's time to serve his Second Amended Complaint *nunc pro tunc*, directed service on newly identified Defendants, directed the New York State Office of the Attorney General ("NYSOAG") to identify certain individuals referred to in the Second Amended Complaint, and denied without prejudice Plaintiff's application for a "preliminary injunction" directing that he be moved from the Special Housing Unit at Five Points Correctional Facility to Sing Sing Correctional Facility ("Sing Sing"). (*See* Doc. 71).

    On August 18, 2020, the Court received a Declaration from Plaintiff ("Declaration") seeking the following relief: (1) a "preliminary injunction" moving Plaintiff to Sing Sing or Downstate Correctional Facility ("Downstate"); (2) appointment of *pro bono* counsel; and (3) discovery. (*See generally*, Doc. 87, "Decl."). On August 31, 2020, in compliance with the Court's instructions, the NYSOAG responded to the Declaration and opposed the relief requested therein. (Doc. 90). Approximately two weeks later, on September 9, 2020, the Court received a letter dated August 3, 2020 ("Letter") from Plaintiff complaining that "it's becoming dangerous here at

Auburn C.F." because prison officials are threatening him in connection with the lawsuit, listing a number of medical complaints, and reiterating his request to be transferred to Sing Sing. (Doc. 92, "Ltr." at 1-2). On September 21, 2020, the NYSOAG responded to Plaintiff's letter and again opposed the relief sought. (Doc. 98).

For the reasons that follow, the relief sought in the Declaration and Letter is denied without prejudice to the renew the applications at a later date.

## ANALYSIS

A. Preliminary Injunction

Plaintiff seeks to be transferred to either Sing Sing or Downstate as a result of intimidation and medical treatment he is—or is not—receiving at Auburn Correctional Facility. (*See* Decl. at 41; Ltr. at 2). Defendants oppose the request, responding that Plaintiff "has been seen by medical staff on multiple occasions," and identifying nine (9) specific encounters "in the two months since Plaintiff's transfer to Auburn" Correctional Facility. (Doc. 90 at 1-2; Doc. 98 at 1-2).

On this issue, the Court notes that "inmates have no right to be housed in a particular correctional facility" and that the "administrative decisions concerning prison transfers are generally within the discretion of" the New York State Department of Corrections and Community Supervision. *Bonie v. Annucci*, No. 20-CV-640, 2020 WL 2489063, at *3 (S.D.N.Y. May 14, 2020); *see also Tinsley v. Goord*, No. 05-CV-3921, 2006 WL 2707324, at *5 (S.D.N.Y. Sept. 20, 2006) (observing that "[d]ecisions about prisoner transfers are placed entirely at the discretion of the DOC[C]S Commissioner" (alteration in original) (citing N.Y. Correct. Law § 23)). However, assuming that the Court could entertain the application for a transfer, in order to prevail on a motion for a preliminary injunction, Plaintiff must "show: (1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits *or* sufficiently serious

questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor." *Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008); *see also Patrick v. Local 51, Am. Postal Workers Union, AFL-CIO*, No. 19-CV-107015, 2020 WL 703392, at *2 (S.D.N.Y. Feb. 11, 2020) (same). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

Plaintiff's new application references events transpiring after he submitted his last application. (*See, e.g.*, Decl. at 5, 9 (March 6, 2020), 8 (June 19, 2020), 10 (March 18, 2020), 26 (June 24, 2020), 24 (April 2020 and August 5, 2020)). However, even if the Court assumes that these allegations show a likelihood of irreparable harm absent an injunction, they are insufficient to show a likelihood of success on the merits of his claims or reveal sufficiently serious questions going to the merits of his claims or a balance of hardships tipping in his favor. Therefore, the Court denies Plaintiff's' second preliminary injunction application without prejudice to Plaintiff's applying again for such relief at a later date.

B. Appointment of Pro Bono Counsel

Unlike in criminal proceedings, in civil cases, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 301-310 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(l), "the Court can in its discretion order that the Pro Se Office seek counsel for [P]laintiff, in which case [P]laintiff's matter will be placed on a list that is circulated to attorneys who are members of the Pro Bono Panel of the Court." *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks*

*v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). These cases direct the Court to "first determine whether the indigent's position seems likely to be of substance," *Hodge,* 802 F.2d at 61, and then, if this threshold is met, to consider "the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61-62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60-61.

In this application, Plaintiff represents that he "cannot afford to hire a lawyer" and explains that he seeks assistance because he anticipates "substantial investigation," "complex" issues, and "conflicting testimony." (Decl. at 32). Plaintiff asserts also that these issues will be magnified because he has "learning disabilities." (*Id*. at 31-32). This action is still in its early stages; Defendants have not yet filed their answers and discovery has not yet begun. At this stage of the proceedings, the Court cannot determine whether Plaintiff's position seems likely to be of substance or whether there are particularly complex issues requiring the appointment of *pro bono* counsel. The Court is unable also to determine whether Plaintiff is unable to handle this case without assistance, as Plaintiff has "effectively litigat[ed] this matter thusfar." *Dayer v. Fallon*, No. 19-CV-301, 2019 WL 2912111, at *2 (N.D.N.Y. July 8, 2019) (denying application for *pro bono* counsel for plaintiff with claimed learning disability). While the Court's conclusion may well change as the action progresses, the Court does not find any circumstances warranting the appointment of *pro bono* counsel at this time. Accordingly, Plaintiff's application for *pro bono* counsel is denied without prejudice to renew it at a later stage in the proceedings.

4

    C.  Motion for Discovery

The Court recently directed service on Defendants Lisa LaPenna and Sandra Provx (Doc. 96) and extended all Defendants' time to answer or otherwise move with respect to the Second Amended Complaint until November 16, 2020 (Doc. 95). Accordingly, Plaintiff's motion for discovery is denied as premature. *See Harrington v. NYS DOCCS*, No. 17-CV-174, 2018 WL 10593320, at *1 (W.D.N.Y. Feb. 6, 2018). The Court notes, however, that Defendants have been directed to provide Plaintiff with the discovery required by Local Civil Rule 33.2. (*See* Doc. 71, Doc. 96).

## CONCLUSION

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff. The Court denies Plaintiff's applications for a preliminary injunction, *pro bono* counsel, and discovery without prejudice to reapply for such relief at a later date.

The Court certifies under 28 U.S.C.§ 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

                                          **SO ORDERED:**

Dated:  New York, New York
          September 22, 2020

                                      PHILIP M. HALPERN
                                      United States District Judge