UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN DAMION CRICHLOW,

                              Plaintiff,

                -against-

ACTING COMMISSIONER ANTHONY J.
ANNUCCI DOCCS, et al.,

                              Defendants.

**<u>ORDER</u>**

18-CV-03222 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff, Kevin Damion Chrichlow ("Plaintiff"), proceeding *pro se* and *in forma pauperis*,

initiated this action with the Complaint docketed on April 12, 2018. (Doc. 2). That pleading totaled

seven handwritten pages, sought relief under a variety of federal statutes, and named over fifty

individual Defendants. (*Id*.). Judge Stanton, in an Order to Amend dated August 24, 2018, outlined

the Complaint's deficiencies and granted Plaintiff leave to file an Amended Complaint within sixty

days of that Order. (Doc. 10). Judge Stanton explained, *inter alia*, that:

> Plaintiff's amended complaint must tell the Court: *who* violated his
> federally protected rights; *what* facts show that his federally
> protected rights were violated; *when* such violation occurred; *where*
> such violation occurred; and *why* Plaintiff is entitled to relief.

(*Id*. at 7 (emphasis in original)). Annexed to Judge Stanton's Order to Amend was an Amended

Complaint Form. (Doc. 10-1).

The Amended Complaint was docketed on December 27, 2018. (Doc. 17). The revised

pleading increased the footprint of the document to one hundred thirty-four pages, inclusive of

exhibits. (*Id*.). In the February 5, 2019 Order of Service, Judge Karas "construe[d] Plaintiff's 134-

page Amended Complaint, in which he names 64 individuals as Defendants, as asserting claims

under 42 U.S.C. §§ 1983, 1985, 1986, the Rehabilitation Act, and Title II of the ADA," instructed

that the Amended Complaint be served on seventeen Defendants, and dismissed the remaining Defendants without prejudice. (Doc. 20 at 1). Approximately four months later, on May 28, 2019, Judge Karas gave Plaintiff leave to file the Second Amended Complaint ("SAC"). (Doc. 47).

Spanning one hundred thirty-seven pages and naming thirty-three individual Defendants, the SAC was docketed on August 23, 2019. (Doc. 60 and Doc. 61 "SAC").[1] On June 11, 2020, this Court[2] issued an Order directing that, *inter alia*: (1) Defendants who had been already served respond to the SAC; (2) the U.S. Marshals Service serve the newly named Defendants; (3) the New York State Office of the Attorney General provide the identities of two unknown Defendants; and (4) other Defendants be dismissed under Federal Rules of Civil Procedure 8 and 20. (*See* Doc. 71). The unknown Defendants were identified, served, and have appeared herein.[3] (*See* Doc. 84; Doc. 91; Doc. 109; Doc. 110).

Pending now before the Court are two motions. In the first motion, filed on February 5, 2021, a group of Defendants seek "an Order pursuant to Rules 12(b)(1), 12(b)(6), and 12(c) of the Federal Rules of Civil Procedure" dismissing certain claims. (Doc. 137; *see also* Doc. 138). Plaintiff opposed that motion with four hundred ninety-six pages of filings in February and March 2021 (Doc. 139; Doc. 147; Doc. 147-1; Doc. 147-2; Doc. 147-3; Doc. 147-4), and the motion was briefed fully with the filing of the associated reply brief on May 14, 2021 (Doc. 153). In the second motion, filed on May 14, 2021, a single Defendant—Fuller—seeks dismissal of all claims against

---

[1] The SAC spans two separate docket entries.

[2] This case was transferred from Judge Karas to this Court on April 16, 2020. (Apr. 16, 2020 Entry).

[3] Rule 1(E) of this Court's Individual Practices require that counsel file an appearance on behalf of those individuals and/or entities represented. The New York State Office of the Attorney General is directed to review their Notices of Appearance and ensure that they have filed Notices of Appearance for their clients. For example, although the February 5, 2021 motion was purportedly filed on behalf of Defendants Provx and LaPenna, no Notices of Appearance have been filed for those individuals.

him under Rule 12(b)(6). (Doc. 154; *see also* Doc. 155). Plaintiff opposed that motion with sixty-eight additional pages docketed on July 6, 2021. (Doc. 163; Doc. 164; Doc. 165). The second motion was fully submitted with the filing of Fuller's reply brief on July 20, 2021. (Doc. 166).

The SAC "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see also Jones v. Nat'l Commc'ns & Surveillance Networks*, 266 F. App'x 31, 32-33 (2d Cir. 2008) (affirming dismissal under Rule 8(a)); *Iwachiw v. Gersh*, No. 01-CV-02254, 2005 WL 3149537, at *1 (E.D.N.Y. Nov. 23, 2005) (noting that the court may dismiss a complaint under Rule 8(a) without regard to pending motions). "Accordingly, prolix, unintelligible, speculative complaints that are argumentative, disjointed and needlessly ramble have routinely been dismissed in this Circuit." *Fisch v. Consulate Gen. of Republic of Poland*, No. 11-CV-04182, 2011 WL 3847398, at *2 (S.D.N.Y. Aug. 30, 2011) (internal quotation marks omitted). All litigants, even *pro se* litigants, must comply with Rule 8(a).[4] *See Harden v. Doe*, No. 19-CV-03839, 2019 WL 2578157, at *2 (S.D.N.Y. June 24, 2019).

---

[4] The special solicitude generally due a *pro se* litigant depends upon that particular party's litigation experience, as "the degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010); *see also Shomo v. New York Dep't of Corr. Servs.*, No. 04-CV-00910, 2007 WL 2580509, at *3 (N.D.N.Y. Sept. 4, 2007) (observing that granting "experienced *pro se* litigants" the same solicitude due an inexperienced one "would tilt the scales of justice unfairly in favor of the *pro se* litigant and against his opponents"). Plaintiff is an experienced litigant undoubtedly well aware of his duties as a complaining party, as he has been the plaintiff in more than ten other cases in the Second Circuit: (1) seven filed initially in the Southern District of New York (*Crichlow v. Horn*, No. 07-CV-07685; *Crichlow v. Horn*, No. 09-CV-09596; *Crichlow v. Fischer*, No. 11-CV-00883; *Crichlow v. Fischer*, No. 12-CV-07774; *Crichlow v. Crichlow*, No. 12-CV-08932; *Crichlow v. New York State Dep't of Corrs. & Cmty. Sup.*, No. 20-CV-08788; *Crichlow v. New York State DOCCS*, No. 21-CV-04457); (2) one in the Eastern District of New York (*Crichlow v. Butchen*, No. 09-CV-04398); and (3) four in the Western District of New York (*Crichlow v. Crowley*, No. 13-CV-06624; *Crichlow v. Gawronski*, No. 14-CV-06676; *Crichlow v. Crowley*, No. 15-CV-06587; *Crichlow v. Annucci*, No. 17-CV-06351). At this juncture, the Court declines to hold Plaintiff to a standard more demanding than that expected of an ordinary *pro se* litigant.

Upon review, the SAC does not comply with the requirements of Rule 8(a)(2). The first eighty pages—that is, the pleading without attachments—is a knot of single-spaced handwritten allegations that invoke, *inter alia*, the First, Fourth, Sixth, Eighth, and Fourteenth Amendments, the Americans with Disabilities Act, the Rehabilitation Act, the Religious Land Use and Institutionalized Persons Act, the Religious Freedom Restoration Act, the Racketeer Influenced and Corrupt Organizations Act, and unspecified New York State law. (*See* SAC at 3-4). To the extent a narrative exists, it jumps disjointedly along a timeframe stretching from November 2014 through January 2019—after the Complaint was filed—without a cohesive structure that leaves the Court scouring line-by-line handwritten pages to ensure that Plaintiff receives every benefit to which he is entitled. The remaining fifty-seven pages are a morass of documents ranging from a September 2014 New York State Felony Complaint charging Plaintiff with Assault in the Second Degree in Erie County and a New York State Uniform Sentence and Commitment relating to a crime committed in Sullivan County in May 2015, to an August 2016 note from a person at the CUNY School of Journalism and various documents reflecting Plaintiff's attempts to initiate criminal actions against officials from the New York State Department of Corrections and Community Supervision in June and July 2015. (SAC at 81-108).

Notwithstanding the above, and despite these issues, Defendants attempted to parse through the claims for relief and ended up categorizing them under the following general theories: (1) conditions of confinement; (2) failure to protect; (3) deliberate indifference to serious medical needs; (4) First Amendment retaliation; and (5) failure to accommodate under both the Americans with Disabilities Act and the Rehabilitation Act. (*See generally* Doc. 138; Doc. 155). Despite these efforts, the Court is at best uncertain about the specific claims for relief that Plaintiff seeks to pursue in this matter. Indeed, even if the Court granted Defendants' motions in full, it is unclear

4

whether any part of the SAC would proceed into discovery—and this concern is compounded by Defendants' motions which, conspicuously, do not suggest that granting them would dispose of this matter in its entirety. Although conclusory allegations are scattered throughout the pleading, there are also suggestions of serious claims ranging from failure to remove rotten teeth "for over 12 years" and failing to address an issue concerning a "metal rod and screws" sticking out of Plaintiff's hand. (SAC at 74-75). In fact, annexed to one of Plaintiff's submissions opposing Fuller's motion is purportedly an e-mail from an attorney representing plaintiffs in *Allen v. New York State Dep't of Corr. & Cmty. Sup.*, No. 19-CV-08173 (S.D.N.Y.)—a putative class action pending presently before Judge Preska and pressed on behalf of inmates requiring treatment of chronic health conditions—in which counsel noted that plaintiffs' expert in that matter "voiced some extremely strong concern for Kevin Crichlow . . . who he believes is suffering from severe neglect . . . . He said the that the hardware in his right hand is literally popping through the skin . . . ." (Doc. 165 at 3).

In light of the foregoing, the Court is left with the firm belief that Plaintiff should file a Third Amended Complaint. The Third Amended Complaint must, however, comply with the instructions outlined below.

Plaintiff must name as Defendants in the caption[5] and in the statement of claim those people who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a Defendant, he may refer to that individual as "John Doe" or "Jane Doe" in

---

[5] The caption is located on the front page of the complaint. Each individual Defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the Defendants in the caption. If Plaintiff needs to attach an additional page to list all Defendants, he should write "see attached list" on the first page of the Amended Complaint. Any Defendants named in the caption must also be discussed in Plaintiff's statement of claim.

both the caption and the body of the Third Amended Complaint.[6] The naming of "John Doe" or "Jane Doe" Defendants, however, *does not* toll the limitations periods governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" Defendants and amending the Third Amended Complaint to include the identity of any "John Doe" or "Jane Doe" Defendants before the limitations periods expire. Should Plaintiff seek to add a new claim or party after the limitations periods have expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

Plaintiff, in the Third Amended Complaint's statement of claim, must provide a short and plain statement of the relevant facts supporting each claim against each Defendant named in the Third Amended Complaint. Plaintiff is also directed to provide the addresses for any named Defendants. To the greatest extent possible, the Third Amended Complaint must:

a)  give the names and titles of all relevant persons;
b)  describe all relevant events, stating the facts that support Plaintiff's case, including what each Defendant did or failed to do;
c)  give the date, time, and location where each relevant event occurred;
d)  describe how each Defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and
e)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

As Judge Stanton instructed previously, the Third Amended Complaint must tell the Court: who allegedly violated Plaintiff's federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because the Third Amended Complaint will completely replace, not supplement, the SAC, any facts or claims that Plaintiff wishes to maintain must be included in

---

[6] For example, a Defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

the Third Amended Complaint. The Third Amended Complaint shall be limited to twenty pages, and Plaintiff is encouraged to use the Amended Civil Rights Complaint Form attached to this Order in drafting that pleading. *See Henderson v. Golden Corral Sys., Inc.*, No. 19-CV-02878, 2019 WL 1988497, at *3 (S.D.N.Y. May 3, 2019) ("The Court strongly encourages Plaintiff to limit her amended complaint to no more than twenty (20) pages, as that length is more than adequate to set forth a short and plain statement of the claim showing that the pleader is entitled to relief." (internal quotation marks omitted)); *Harden*, 2019 WL 2578157, at *2 ("Plaintiff's amended complaint must be limited to 20 pages, and he is encouraged to use the Court's amended complaint form."). The Third Amended Complaint must also comply with Federal Rule of Civil Procedure 10(b), which requires in part that a litigant "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff is directed to file a Third Amended Complaint that complies with the standards outlined above within thirty days of this Order. An Amended Civil Rights Complaint Form is annexed hereto. Should Plaintiff fail to comply with the Court's directive, this action will be dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The pending motions under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(c) are, accordingly, denied without prejudice. The Clerk of the Court is respectfully directed to terminate the associated motion sequences (Doc. 137; Doc. 154) and mail a copy of this Order to Plaintiff.

**SO ORDERED:**

Dated:   White Plains, New York
         July 23, 2021

PHILIP M. HALPERN
United States District Judge