UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN DAMION CRICHLOW, | |
| Plaintiff, | **ORDER OF SERVICE** |
| -against- | 18-CV-03222 (PMH) |
| ACTING COMMISSIONER ANTHONY J. ANNUCCI DOCCS, et al., | |
| Defendants. | |

PHILIP M. HALPERN, United States District Judge:

On July 23, 2021, the Court issued an Order which, *inter alia*, directed Plaintiff to file a Third Amended Complaint ("TAC") within thirty days thereof. (Doc. 169). After an extension of time to file the pleading was granted, the TAC was docketed on September 21, 2021. (Doc. 175). The TAC adds a number of new Defendants.

## ANALYSIS

### A.    Service of  the Third Amended Complaint

Because Plaintiff has been granted permission to proceed *in forma paupers* ("IFP"), he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d. 119, 123 (2d Cir. 2013); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and TAC until the Court reviewed the pleading and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the TAC is not served within that time, Plaintiff should request an extension of time for service.

*See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on C.O. Edward Puerschner, Deputy William, Dr. Guzman, RN Darbee, C.O. H.V.S., John Sherhan, S.D.U. Gilson, C.O. Jacobs, C.O. Terk, Dr. Kevin S. Doe, C.O. Gavoronski, and C.O. Guiseppe through the U.S. Marshals Service, the Clerk of the Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is instructed further to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the TAC upon these Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## B.     **Unidentified Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the Court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). Plaintiff may supply information sufficient in the TAC for the New York State Attorney General to identify the individuals named in the caption as: **(1)** "Nurse II (1) Jane Doe;" **(2)** "(2) Jane Doe Nurse;" **(3)** "C.O. John Doe (1);" and **(4)** "C.O. John Doe (2)." (*See, e.g.*, TAC at 26, 28, 30-31). The New York State Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this Order.

Upon being provided with that information, the Court will deem the TAC amended to substitute the unknown individuals with their true identities.

2

**C.**     **Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the TAC, newly-served Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[1]

**D.**     **Dismissal of C.O. Holer and Captain Maxwell**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

In this particular case, while Plaintiff identifies C.O. Holer and Captain Maxwell as Defendants in the caption of the TAC, the Court is unable to find reference to them anywhere else in the pleading. (*See generally* Doc. 175). "As a fundamental prerequisite '[t]o establish[ing] a § 1983 claim, a plaintiff must show the defendants' personal involvement in the alleged

---

[1] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

constitutional violation.'" *Linares v. Annucci*, No. 19-CV-11120, 2021 WL 2689736, at *6 (S.D.N.Y. June 30, 2021) (quoting *Boley v. Durets*, 687 F. App'x 40, 41 (2d Cir. 2017) (alterations in original)). The failure "to allege that a defendant was personally involved in, or responsible for, the conduct complained of renders a complaint 'fatally defective on its face.'" *Id*. (quoting *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987)). C.O. Holer and Captain Maxwell "are named in the caption only. The body of the [TAC] does not contain any factual allegations naming them, or indicating that they violated the law or injured the Plaintiff in some manner." *Joseph v. Annucci*, No. 18-CV-07197, 2020 WL 409744, at *4 (S.D.N.Y. Jan. 23, 2020). C.O. Holer and Captain Maxwell are, accordingly, dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against C.O. Holer and Captain Maxwell. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of the Court is, accordingly, respectfully directed to terminate C.O. Holer and Captain Maxwell from the docket.

The Clerk of Court is instructed further to issue summonses as to C.O. Edward Puerschner, Deputy William, Dr. Guzman, RN Darbee, C.O. H.V.S., John Sherhan, S.D.U. Gilson, C.O. Jacobs, C.O. Terk, Dr. Kevin S. Doe, C.O. Gavoronski, and C.O. Guiseppe, complete the USM-285 forms with the addresses for these Defendants, and deliver to the U.S. Marshals Service all documents necessary to effect service on these Defendants.

Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED:**

Dated:   White Plains, New York
         November 10, 2021

_____
PHILIP M. HALPERN
United States District Judge

5

## DEFENDANTS AND SERVICE ADDRESSES

1.      C.O. Edward Puerschner
Sullivan Correctional Facility
325 Riverside Drive
P.O. Box 116
Fallsburg, New York 12733-0116

2.      Deputy William
Sullivan Correctional Facility
325 Riverside Drive
P.O. Box 116
Fallsburg, New York 12733-0116

3.      Dr. Guzman
Sullivan Correctional Facility
325 Riverside Drive
P.O. Box 116
Fallsburg, New York 12733-0116

4.      RN Darbee
Sullivan Correctional Facility
325 Riverside Drive
P.O. Box 116
Fallsburg, New York 12733-0116

5.      C.O. H.V.S.
Sullivan Correctional Facility
325 Riverside Drive
P.O. Box 116
Fallsburg, New York 12733-0116

6.      John Sherhan
Sullivan Correctional Facility
325 Riverside Drive
P.O. Box 116
Fallsburg, New York 12733-0116

7.      S.D.U. Gilson
Sullivan Correctional Facility
325 Riverside Drive
P.O. Box 116
Fallsburg, New York 12733-0116

6

8.      C.O. Jacobs
        Sullivan Correctional Facility
        325 Riverside Drive
        P.O. Box 116
        Fallsburg, New York 12733-0116

9.      C.O. Terk
        Sullivan Correctional Facility
        325 Riverside Drive
        P.O. Box 116
        Fallsburg, New York 12733-0116

10.     Dr. Kevin S. Doe
        Sullivan Correctional Facility
        325 Riverside Drive
        P.O. Box 116
        Fallsburg, New York 12733-0116

11.     C.O. Gavoronski
        Sullivan Correctional Facility
        325 Riverside Drive
        P.O. Box 116
        Fallsburg, New York 12733-0116

12.     C.O. Guiseppe
        Sullivan Correctional Facility
        325 Riverside Drive
        P.O. Box 116
        Fallsburg, New York 12733-0116