UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN DAMION CRICHLOW,

                     Plaintiff,

-against-

ACTING COMMISSIONER ANTHONY J. ANNUCCI, et al.,

                     Defendants.

**ORDER OF SERVICE**

18-CV-03222 (PMH)

PHILIP M. HALPERN, United States District Judge:

On November 10, 2021, the Court issued an Order which, *inter alia*, directed the New York State Office of the Attorney General ("NYSOAG") to identify unknown individuals named in the caption of the Third Amended Complaint ("TAC"). (Doc. 180 at 2). The NYSOAG, in a letter dated January 10, 2021, advised the Court that it believes that the individual identified in the TAC as "C.O. John Doe (2) is Correction Officer Nicholas Townsend." (Doc. 185).

Because Plaintiff has been granted permission to proceed *in forma paupers* ("IFP"), he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d. 119, 123 (2d Cir. 2013); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and TAC until the Court reviewed the pleading and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the TAC is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility

to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on C.O. Nicholas Townsend, the Clerk of the Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is instructed further to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the TAC upon this Defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the TAC, C.O. Nicholas Townsend must serve responses to these standard discovery requests. In their responses, Defendant must quote each request verbatim.[1]

---

[1] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

The Clerk of the Court is further instructed to issues a summons as to C.O. Nicholas Townsend, complete the USM-25 form with the address for that Defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service on this Defendant.

The Clerk of the Court is further instructed to substitute C.O. Nicholas Townsend for C.O. John Doe (2) on the docket.

Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED:**

Dated:   White Plains, New York
         January 20, 2022

_____
PHILIP M. HALPERN
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

1. C.O. Nicholas Townsend
   Sullivan Correctional Facility
   325 Riverside Drive
   Fallsburg, New York 12733-0116