UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN DAMION CRICHLOW,<br><br>                              Plaintiff,<br><br>-against-<br><br>ACTING COMMISSIONER ANTHONY J. ANNUCCI, et al.,<br><br>                              Defendants. | **ORDER OF SERVICE**<br><br>18-CV-03222 (PMH) |

PHILIP M. HALPERN, United States District Judge:

On May 19, 2022, the Court received a letter from Plaintiff asking for an extension of time to serve unserved individuals. (*See* Doc. 223). The Court, on June 2, 2022, directed the New York State Office of the Attorney General ("NYSOAG") to "provide Plaintiff and the Court with addresses where those individuals may be served." (Doc. 229). The NYSOAG filed a letter on June 10, 2022, providing presumed names and service addresses for four individuals, but advising that four others could not be identified. (Doc. 232).

## ANALYSIS

**A.     Service of the Third Amended Complaint on Newly Identified Defendants**

Because Plaintiff has been granted permission to proceed *in forma paupers* ("IFP"), he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d. 119, 123 (2d Cir. 2013); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and Third Amended Complaint ("TAC") until the Court reviewed the pleading and

ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the TAC is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Deputy Superintendent for Administration Gail Williams (named herein as "Deputy William"), C.O. John Sherhan, Translator Jason Gibson (named herein as "S.D.U. Gilson"), and C.O. Nicholas Townsend (named herein as "C.O. John Doe (2)") through the U.S. Marshals Service, the Clerk of the Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is instructed further to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the TAC upon these Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.**     **Service of the Third Amended Complain on Unidentified Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the Court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). The NYSOAG has advised, however, that it cannot identify the following individuals based upon the information in the TAC: **(1)** "C.O. H.V.S.;" **(2)** "C.O. Gavoronski;" **(3)** "C.O. Guiseppe;" and **(4)** "Dr. Kevin S. Doe." (Doc. 232).

Within thirty days of the date of this Order, Plaintiff is directed to provide the NYSOAG with more detailed, descriptive information for C.O. H.V.S., C.O. Gavornoski, C.O. Guiseppe, and Dr. Kevin S. Doe to assist the NYSOAG in properly identifying these Defendants. Within thirty days after Plaintiff provides this information, the NYSOAG shall identify the defendants whom Plaintiff seeks to sue here and the addresses where these defendants may be served.[1]

C.     **Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the TAC, newly-served Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.

The Clerk of Court is instructed further to issue summonses as to Deputy Superintendent for Administration Gail Williams (named herein as "Deputy William"), C.O. John Sherhan, Translator Jason Gibson (named herein as "S.D.U. Gilson"), and C.O. Nicholas Townsend,

---

[1] If the person is or was employed at a DOCCS facility, but is not a current or former employee of DOCCS, the NYSOAG must provide a home address where the individual may be served. The Court notes further that in Plaintiff's recent correspondence, he refers to "Dr. Kevin Setter." (Doc. 231 at 2).

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

complete the USM-285 forms with the addresses for these Defendants, and deliver to the U.S. Marshals Service all documents necessary to effect service on these Defendants.

Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED:**

Dated:   White Plains, New York
        June 13, 2022

_____
PHILIP M. HALPERN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Deputy Superintendent Gail Williams
   Bedford Hills Correctional Facility
   247 Harris Road
   Bedford Hills, New York 10507

2. Translator Jason Gibson
   Eastern Correctional Facility
   30 Institution Road
   Napanoch, New York 12458

3. C.O. John Sherhan
   Sullivan Correctional Facility
   325 Riverside Drive
   Fallsburg, New York 12733-0116

4. C.O. Nicholas Townsend
   Sullivan Correctional Facility
   325 Riverside Drive
   Fallsburg, New York 12733-0116