UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KEVIN DAMION CRICHLOW,

                    Plaintiff,

-against-

ACTING COMMISSIONER ANTHONY J. ANNUCCI, et al.,

                    Defendants.

**ORDER OF SERVICE**

18-CV-03222 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

On July 19, 2022, the New York State Office of the Attorney General ("NYSOAG")—in response to a *Valentin* Order issued by the Court on June 13, 2022—provided service addresses for four unserved individuals. (*See* Doc. 233; Doc. 241).

## ANALYSIS

**A.**    **Service of the Third Amended Complaint on Newly Identified Defendants**

Because Plaintiff has been granted permission to proceed *in forma paupers* ("IFP"), he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d. 119, 123 (2d Cir. 2013); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and Third Amended Complaint ("TAC") until the Court reviewed the pleading and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the TAC is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012)

(holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on C.O. Heather Weyandt (named herein as "C.O. H.V.S."), C.O. Colin Gawronski (named herein as "C.O. Gavoronski"), C.O. Guiseppe Manocchio (named herein as "C.O. Guiseppe"), and Dr. Kevin Setter (named herein as "Dr. Kevin Doe") through the U.S. Marshals Service, the Clerk of the Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is instructed further to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the TAC upon these Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the TAC, newly-served Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[1]

---

[1] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.

The Clerk of Court is instructed further to issue summonses as to C.O. Heather Weyandt (named herein as "C.O. H.V.S."), C.O. Colin Gawronski (named herein as "C.O. Gavoronski"), C.O. Guiseppe Manocchio (named herein as "C.O. Guiseppe"), and Dr. Kevin Setter (named herein as "Dr. Kevin Doe"), complete the USM-285 forms with the addresses for these Defendants, and deliver to the U.S. Marshals Service all documents necessary to effect service on these Defendants.

Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED:

Dated:  White Plains, New York
        July 20, 2022

_____
PHILIP M. HALPERN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. C.O. Heather Weyandt
   Sullivan Correctional Facility
   325 Riverside Drive
   Fallsburg, New York 12733-0116

2. C.O. Colin Gawronski
   Wende Correctional Facility
   3040 Wende Road
   Alden, New York 14004

3. C.O. Guiseppe Monocchio
   Wende Correctional Facility
   3040 Wende Road
   Alden, New York 14004

4. Dr. Kevin Setter
   Bone & Joint Center
   6620 Fly Road
   East Syracuse, New York 13057